## STONEHILL WINE CO. v. LUPO.

(Supreme Court, Appellate Term. May 15, 1908.)

1. EVIDENCE—CONTRACT OF SALE—PAROL EVIDENCE—ADMISSIBILITY.

A written order for the purchase of wine, calling for "Tipso Castelvetrano (light in color laich Dry Catawba) see first shipment Manzella," when accepted by the seller, constitutes a contract of sale; and evidence that the wine delivered was not like the sample shown by the salesman of the seller, and as guaranteed by him, is incompetent, as varying the terms of a written contract.

2. SALES—CONTRACT—DEFECT IN GOODS—RIGHTS OF BUYER.

One ordering wine as described may, on receiving wine not complying with the description, refuse to accept the same.

3. EVIDENCE—DECLARATION OF EMPLOYÉ—ADMISSIBILITY.

Proof of a conversation between a buyer of goods and the salesman of the seller as to complaints about the goods is improper, in the absence of evidence of the authority of the salesman to receive complaints.

**4. SAME—CONTENTS OF LETTERS—ADMISSIBILITY.**

It is error to permit a party to testify as to the contents of a letter claimed to have been written by him to the adverse pary, in the absence of proof of mailing of the letter.

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Stonehill Wine Company against Ignazio Lupo. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Porter & Barnes (Henry H. Sawyer, of counsel), for appellant.
Max Silverstein, for respondent.

GREENBAUM, J. The written order called for "Tipso Castelvetrano (light in color laich Dry Catawba) see first shipment Manzella." The character and quality were thus embodied in writing. The testimony of the defendant upon plaintiff's objection only showed that the wine delivered was not like the sample shown by the salesman and as guaranteed by him. I think the evidence as to sample and guaranty was clearly incompetent, as it tended to vary the terms of the written contract.

The order described the kind of wine, its color, and expressly referred to a previous shipment to "Manzella." The effect of admitting testimony as to a sample was to eliminate the force of all that is contained in the written order, and to substitute in its place a sale by sample like that claimed to have been shown by the salesman. If the order is to stand as the contract between the parties, there was not a sale under a warranty by sample, and if the goods shipped did not comply with the description in the order, the contract being executory and the defects claimed being patent upon examination, the remedy of the purchaser was to refuse to accept.

It was also error to admit the conversations of the defendant with the plaintiff's salesman as to the complaints about the wine, in absence of authority shown in the salesman to receive complaints. It was also error to have permitted defendant to testify as to the contents of a letter claimed by him to have been written plaintiffs, without proof of mailing.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

GIEGERICH, J. (dissenting). The contract on which the plaintiff relies shows that the sale was made by sample. The words, "See first shipment Manzella," clearly indicate that the wine contracted for was to be like the shipment made to Manzella. Not only did the contract show this, but the testimony offered on behalf of the plaintiff recognizes the same fact. The plaintiff's vice president and secretary testified that the wine sent to the defendant "was exactly the same kind,

out of the same cask and lot, as that shipped to Mr. Manzella of New York." The plaintiff's salesman, Bonano, who made the sale in controversy, testified that the sample he showed to the defendant was the wine he had sold to Manzella, evidently meaning by that that the small bottle he had with him at the time of the sale was taken from the former shipment to Manzella. The mere fact that the contract mentioned a former shipment as the sample, and that only a small bottle from that shipment, instead of all of it, was shown the purchaser at the time of the sale, cannot, of course, change the nature of the transaction. The evidence on the defendant's behalf was that the wine delivered was. neither light in color, nor sweet like the Manzella wine, but was very dark and sour.

I do not think any prejudicial error was committed in the admission of evidence. It is true that there is a printed statement on the order which the defendant signed that "all claims must be reported within ten days after receipt of goods." In my judgment this general provision on the printed order was not intended, nor should it be held, to apply, to a case like the present, where the sale was made by sample and the defendant made his objection with reasonable promptness. Indeed, the defendant does not make a "claim" in the sense in which the word would ordinarily be understood under such circumstances. He is not claiming anything on account of shortage, or damage, or any of the various things usually embraced under the description of that word, but is repudiating the entire transaction. The record shows that reasonable promptness was used in rejecting the goods. The defendant had a right either to reject them, or to keep them and sue for damages upon the warranty. In addition to the letter subsequently sent direct to the plaintiff, there was immediate notice to the plaintiff's agent who made the sale.

I think the judgment was right, and should be affirmed, with costs.